## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   CIVIL ACTION NO.:

      Plaintiff,   HONORABLE:

vs.

BRIAN J. ROMAN

      Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant entered into and signed a Guaranteed Student Loan Promissory Note in Genesee County, Michigan within the jurisdiction of this Court, to borrow money from the United States of America, a copy of the Promissory Note is attached hereto as Exhibit "A".

3. The defendant is a resident of Lane County, Oregon and may be served with service of process at 1652 Hamlet Lane, Eugene, OR 97402-7540.

### The Debt – Account No. 2000A12829

4. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,500.00 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $3,571.53 |
| C. | Administrative Fee, Costs, Penalties | $87.00 |
| D. | Accrued Capitalized Interest since February 25, 2000 | $3,125.45 |

**Total Owed**                                                                                          $9,283.98EDIT

The Certificate of Indebtedness, attached as Exhibit "B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 9% per annum.

### Failure to Pay

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: /s/ Craig S. Schoenherr, Sr.
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTNESS

Brian J. Roman
8513 N. McKinnley
Flushing, MI 48433
SSN: ▮▮▮▮-8695

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 02/25/00.

On or about 11/23/81 the borrower executed promissory note(s) to secure loan(s) in the amount of $2500.00 from Security Federal Credit Union at the annual rate of 9% under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et. seq (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note (s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 06/01/83, and the holder filed a claim on the guarantee.

Since assignment of the loan, the Department has received a total of $0.00 from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2500.00 |
| Interest: | $3571.53 |
| Late Fees: | $   0.00 |
| Admin. Costs: | $  87.00 |
| Total debt as of 02/25/00: | $6158.53 |

Interest accrues on the principal shown here at the rate of 9% per annum and a daily rate of $0.62.

CERTIFICATION: Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Date: March 2, 2000          Name: Amy Torine
                                    Loan Analyst
                                    Litigation Branch

EXHIBIT B

**EXHIBIT A**

## MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY
### GUARANTEED STUDENT LOAN
### INTERIM NOTE

Date: November 23, 1983

On December 1, 19 83 or on such accelerated or extended maturity date as provided for herein, for value received the undersigned promises to pay to Security Federal Credit Union hereinafter called the Financial Institution, or order the principal sum of $ 2500.00 together with interest thereon from the date of disbursement of this loan at the rate of 9 % per annum. The undersigned, hereinafter called the Maker, shall pay such principal and interest at the office of the Financial Institution at 4001 North Saginaw Street, Flint, MI 48505 or at such other place as the Holder hereof shall designate to the Maker in writing in lawful money of the United States of America.

**DISCLOSURE STATEMENT**

*Prepayment:* Maker may prepay all or part of the principal amount of the loan at any time without penalty. Interest shall cease to accrue on the amount of the prepayment as of the date of payment thereof.

*Rebate:* Because there is no precomputed unearned finance charge, there is no amount subject to rebate in the event of prepayment except if prepayment shall occur within 10 days of disbursement. In such case the full amount of the prepaid finance charge shall be rebated.

*Interest Accrual:* Interest accrual begins with disbursement of the loan proceeds. Interest will be paid to the Holder on behalf of the borrower by the Federal government if the borrower qualifies for interest subsidy payments under current Federal law and implementing regulations provided school officials have supplied adequate data covering school costs and financial assistance to meet those school costs at the time application was made for this loan.

Loan No. 5227090
(a) Amount of Loan .... $ 2500.00
(b) Prepaid Finance Charge $ 25.00
(Student Loan Insurance Premium)
(c) Amount Financed (a-b) $ 2475.00
(d) ANNUAL PERCENTAGE RATE
(1) Prior to repayment 9 %
(2) During Installment repayment .69 %

**ACKNOWLEDGEMENT**

The undersigned hereby acknowledges having read and understood the above disclosure statement and acknowledges receipt of an exact copy of this Note at the time of execution of the Note.

Principal amount of the loan may be paid at the option of the Maker by executing and delivering an authorized Installment Payout Note to the Financial Institution calling for the first payment no earlier than the maturity date of this note and for an interest rate which is payable by the Maker which does not exceed the interest rate of this Interim Note. Estimated Payout Note Annual Percentage Rate is 7%.

*Insurance Premium:* The Maker agrees to pay the Financial Institution, in addition to interest and principal due, an amount equal to the premium that the Financial Institution is required to pay to the Michigan Higher Education Assistance Authority in order to provide insurance coverage on this Note, and such Premium is due and payable immediately. Such premium is equal to one percent (1%) of the amount of loan commitment which as of the date of this note may reasonably be expected to be disbursed during the academic period for which the loan has been requested.

*Acceleration:* The Maker agrees, (1) if he or she reduces his or her course of study to less than half-time status or (2) transfers to a school not participating under terms of the Michigan Guaranteed Student Loan Program, that the maturity date of this note is accelerated. The accelerated maturity date shall be not less than nine months nor more than twelve months after the date of the occurrence of either events of acceleration.

*Extension:* The Maker further agrees that if the expected completion of studies date changes during the period of this loan and that if a school, does not exceed a maximum of twelve continuous months, the maturity date of this note may be extended to a date not less than nine months nor more than twelve months after the date less than half-time attendance at a participating school occurred.

*Deferment:* Once the maturity date of this note occurs, repayment is required to begin; however, repayment may be deferred to a maximum of 36 months if, prior to executing a repayment note, the Maker enters the Armed Forces of the United States, the Peace Corps, full-time service as a volunteer in a program under Title I of the Domestic Volunteer Service Act of 1973, or for any period the Maker is pursuing a full-time course of study at a participating school or is pursuing a course of study under a graduate fellowship program approved by the U.S. Commissioner of Education or at the request of the Maker, during a single period not in excess of twelve months during which the Maker is seeking and unable to find full-time employment.

*Maker:* The Maker promises to (1) use the proceeds of the loan evidenced by this note solely to pay educational expenses attendant to his or her attendance at the participating school at which the Maker is accepted for enrollment or is already enrolled on this date and (2) send written notice to the Financial Institution and to the Michigan Higher Education Assistance Authority of any changes occurring in enrollment status, home address or the occurrence of any event which would cause the Holder to declare this note in default.

The Maker, if more than one, shall be jointly and severally liable and the term "Maker" whenever used herein shall apply to the Maker or any one or more of them. If the Maker shall default on this note by reason of death or total and permanent disability, the indebtedness shall be paid in full to the Financial Institution by the Michigan Higher Education Assistance Authority on behalf of the Maker. If the Maker shall default on this note by reason of delinquency, the unpaid balance shall, at the option of the Holder, become immediately due and payable without notice on demand and if the Holder shall incur any extra costs or expenses in connection with collections thereof, there shall additionally come due from the Maker all reasonable expenses and attorney fees and the Holder may take judgment for all such sums.

The Maker acknowledges that he or she is legally obligated, under Section 8, Act No. 77 of the Public Acts of 1960, for the payment of the note even though he or she may be under eighteen (18) years of age. No delay on the part of the Holder or Guarantor hereof in exercising any of its options, powers, or rights or partial or single exercise thereof, shall constitute a waiver of any of such powers, options, or rights.

The Maker acknowledges if Maker and Holder agree an installment payout note may be executed calling for repayment to begin earlier than the maturity date of this note and for payments which exceed the $360 yearly minimum or five year minimum term. In instances of such agreement the nine to twelve month grace period may not be restored; however, the Maker may at any time refinance this note to the extent that the Maker may have a total note term of at least five years but no more than ten years for repayment.

"The undersigned does hereby sell, assign, transfer, and set over unto the Michigan Higher Education Assistance Authority, Lansing, Michigan, its interest in this note. Security Federal Credit Union, Delinquent Loan Adjuster, August 28, 1984."

CO-MAKER SIGNATURE _____
TYPED NAME _____
ADDRESS _____
CITY _____ STATE _____ ZIP _____
SOCIAL SECURITY NO. _____

MAKER SIGNATURE X Brian Roman
TYPED NAME Brian J. Roman
ADDRESS 8513 N. McKinley
CITY Flushing STATE Michigan ZIP 48433
SOCIAL SECURITY NO. ___-__-_____

**NOTE ENDORSEMENT BY MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY**

The undersigned, as endorser, guarantees payment of 100 percent of the unpaid principal balance to the Holder in the event the Maker permits this note to become in default as defined by regulations of the Michigan Higher Education Assistance Authority, in the event of default, the Maker's obligation to the Holder is transferred to the State of Michigan.

MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY

Authorized Official Patrick Cummings

LENDER COPY