UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              Case No. 14-10226

v.

                              Hon. John Corbett O'Meara

BRIAN J. ROMAN,

    Defendant.

_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR CASE EVALUATION SANCTIONS**

Before the court is Plaintiff's motion for case evaluation sanctions. Plaintiff filed this action to recover a student loan debt in the amount of $9,283.98 from Defendant Brian J. Roman. The parties consented to participate in case evaluation through the Wayne County Mediation Tribunal and to be bound by M.C.R. 2.403, including the provisions allowing for the imposition of costs and attorney's fees. See L.R. 16.5. On December 17, 2014, the parties attended case evaluation, and the panel entered an award in favor of Plaintiff in the amount of $4,500. Both parties rejected the case evaluation award.

Afterward, Plaintiff sought permission from the court to file a motion for summary judgment after the dispositive motion deadline. The court granted the motion. Ultimately, the court denied Plaintiff's motion for summary judgment and

the case proceeded to trial in November 2015. The jury rendered a verdict in favor of Plaintiff in the amount of $9,689.04. Plaintiff seeks its costs and attorney fees incurred since January 16, 2015, the date the parties rejected the case evaluation award.

A rejecting party is liable for the opposing party's "actual costs" under M.C.R. 2.403 if the verdict is more favorable to the opposing party than the case evaluation award. See M.C.R. 2.403(O). "Actual costs" are defined as "(a) those costs taxable in any civil action, and (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation." M.C.R. 2.403(O)(6). The court begins its calculation of a reasonable attorney fee by determining the "reasonable hourly or daily rate customarily charged in the locality for similar legal services" multiplied by the "reasonable number of hours expended." See Smith v. Khouri, 481 Mich. 519, 530-31 (2008).

Plaintiff seeks attorney fees in the amount of $18,600, reflecting 93 hours of attorney time at a rate of $200 per hour. Defendant and the court agree that $200 is a reasonable hourly rate based upon the local legal market, experience of counsel, and field of practice. See State Bar of Michigan 2014 Economics of Law Practice Summary Report (Pl's Ex. H).

Defendant contests, however, the reasonableness of the hours claimed and whether such hours were "necessitated" by Defendant's rejection of case evaluation. Defendant argues that Plaintiff's summary judgment motion was not necessitated by his rejection of the award. Case evaluation was scheduled after the dispositive motion deadline and neither party had filed a timely motion. In rejecting the award, Defendant did not contemplate that Plaintiff would file a dispositive motion. Plaintiff sought permission from the court to file its motion after case evaluation; ultimately the motion was denied and not well taken, given that the case presented a clear credibility issue. Under these unique circumstances, the court agrees that the hours Plaintiff incurred in preparing its summary judgment motion (15.1 hours) were not "necessitated" by Defendant's rejection of the case evaluation award and are not reasonably charged to Defendant.

The court also finds that the time Plaintiff spent preparing a motion to allow for a witness to appear by video conference should not be charged to Defendant, because Plaintiff withdrew the motion. As a result of Plaintiff's counsel's practice of "block billing," however, it is unclear how much time was spent preparing the motion. Given the uncomplicated nature of the motion and response, the court finds a deduction of 3 hours to be reasonable. The court will also reduce the hours Plaintiff incurred for attending trial (14), as they are almost double the hours

incurred by Defendant (7.4), which provides some rough yardstick for reasonableness. The court finds a deduction of 4 hours to be reasonable.

The remaining claimed hours (70.9) are supported by sufficiently detailed billing records and otherwise appear reasonable given the nature of the case and work performed. The court finds no further basis to decrease or increase the award. See Khouri, 481 Mich. at 430-31 (court should consider whether adjustment appropriate based upon factors in Wood v. Detroit Automobile Inter–Ins. Exch., 413 Mich. 573 (1982) and Rule 1.5(a) of the Michigan Rules of Professional Conduct). The court will award an attorney's fee in the amount of $14,180 (70.9 hours x $200). The court will also award costs in the amount of $859.72 for witness airfare, other transportation, and meals, which Defendant does not dispute.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for case evaluation sanctions is GRANTED IN PART, in the amount of $15,039.72.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  June 3, 2016

      I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 3, 2016, using the ECF system.

                                        s/William Barkholz
                                        Case Manager